Breitel, J.
(dissenting). I dissent and vote to affirm. There is no disagreement with the majority over the applicable rule. The determination of what may be seized as obscene is, preliminarily, one for the Magistrate issuing the search warrant. Thus, a warrant phrased in language which delegates to a police officer executing it the function of determining whether the material is obscene, is invalid (People v. Abronovitz, 31 N Y 2d 160, 164; People v. Rothenberg, 20 N Y 2d 35, 38). But as observed in the dissenting opinion in the Bothenberg case, citing the Ventresca case (United States v. Ventresca, 380 U. S. 102), the specificity of the items to be seized required to sustain the warrant must be construed according to what is reasonable *853 under the circumstances (20 N Y 2d, at pp. 39-41). The dissenter in that case, therefore, would have required less specificity in describing untitled motion picture film than, say, books.
The language of the warrant in this case was considerably more specific than the warrants in either the Rothenberg or Abronovits cases. In Rothenberg, the police were authorized to seize “ ‘ obscene, indecent and “ hard core pornographic ” pictures, photographs and motion picture filma ’ ” (20 N Y 2d, at p. .38). In Abronovits, the police were authorized to seize any material which depicted “ 1 scenes of nude persons ’ ” and which “ * exposed the female and male genital organs, the female and male pubic areas, including the male penis and the female breasts ’ ” (31 N Y 2d, at p. 163).
The language here, it is suggested, was significantly, indeed crucially, more specific (cf. United States v. Marti, 421 F. 2d 1263, 1268). It told the police, within the limits of the circumstances, exactly what they were to seize. They were to seize “ 8mm films cut and uncut, depicting males and females in various positions of sexual intercourse, sodomy and masturbation The films were untitled and could not be otherwise described more particularly unless seizure was to be limited to the whole film viewed by the Magistrate and attached to the warrant. Of course, the material before the Magistrate had included a strip of uncut film used in the processing of 8mm film.
It is significant that the Magistrate had before him a film, a scrap of uncut film, and testimonial data which established probable cause for believing that defendants’ premises housed a large supply of contraband and the taking under the warrant was limited to the contraband, described well enough for warrant purposes and certainly presumptively descriptive of “ hard core pornography ” (see People v. Heller, 33 N Y 2d 314, decided herewith).
Since no other issue is pressed as to the breadth of the warrant to the extent that it covered more than film, I do not address myself to that question.
Chief Judge Fuld and Judges Burke, Jones and Wachtler concur in Per Curiam opinion; Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Jasen and Gabrielli concur.
Order reversed, etc.